# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW PERRONG, individually and on behalf of a class of all persons and entities similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>DIRECT ENERGY, LP and ALLIED MARKETING LLC,<br><br>        Defendants. | Case No. 19-cv-2373 |

**PLAINTIFF ANDREW PERRONG'S MEMORANDUM IN OPPOSITION TO DEFENDANT ALLIED MARKETING LLC'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................................1

BACKGROUND .....................................................................................................................2

LEGAL STANDARD...............................................................................................................4

LAW AND ARGUMENT ........................................................................................................5

    **I.**    **Mr. Perrong sufficiently alleges he was called with a pre-recorded message or use of an ATDS.** ...................................................................................................5

        A.    *Mr. Perrong alleges sufficient detail about the pre-recorded telemarketing call he received.* .......................................................................................5

        B.    *Mr. Perrong alleges specific details about the nature of the telemarketing call supporting the plausible inference that an ATDS was used.* ................6

    **II.**    **Mr. Perrong sufficiently alleges the call at issue was to a service for which Mr. Perrong is charged for the call and that Mr. Perrong was in fact charged for that call.** ..............................................................................................................10

        A.    *Courts have overwhelmingly held that TCPA plaintiffs do not have to plead their full telephone number.* ..............................................................10

        B.    *TCPA plaintiffs do not have to plead they were charged for the call with particularity.* .........................................................................................11

    **III.**    **Mr. Perrong served Allied Marketing nine days after the time contemplated under FRCP 4(m) but did so with good cause.**..................................................13

CONCLUSION ......................................................................................................................15

**INTRODUCTION**

Plaintiff Andrew Perrong's ("Mr. Perrong's") claim under the Telephone Consumer Protection Act, 47 U.S.C § 227 ("TCPA") is well pled.  He has plausibly alleged that Allied Marketing, LLC ("Allied Marketing") used a pre-recorded message and an automated telephone dialing system ("ATDS") to call his residential phone number, for which he is charged on a per call basis, advertising Direct Energy, LP ("Direct Energy") services.

Mr. Perrong does not merely mimic the TCPA with respect to the use of a pre-recorded voice.  He instead alleges that the pre-recorded voice did not identify a specific company, and as a result he engaged the telemarketer and sufficiently identified that Direct Energy services were being promoted by Allied Marketing's pre-recorded call.  Similarly, Mr. Perrong alleges a series of indicators that an ATDS was used to make the call, such as the fact that the pre-recorded voice was transmitted with the inaccurate information displayed on his telephone's caller identification system, and the fact that it would be illogical to manually dial a number, only to have an automated message play.  To the extent Allied Marketing claims details about the technological capacities of the dialing system used, they are within Allied Marketing's exclusive knowledge and are unknowable to the recipient of an unlawful telemarketing call.  *See Battaglia v. Quicken Loans, Inc.*, No. 18-CV-1104, 2019 U.S. Dist. LEXIS 17782 (W.D.N.Y. Feb. 4, 2019) (refusing to require plaintiff to allege details regarding defendants' calling technology at pleading stage).

Similarly, to the extent Allied Marketing seeks additional details about the specific amount Mr. Perrong was charged for the call, those facts can all be readily and easily obtained in discovery.  In fact, Allied Marketing's own motion asserts that "it is unclear whether this is true" in response to Mr. Perrong's allegations.  Determining if Mr. Perrong's allegations about being charged for the call are true (they are) is appropriate for discovery.  Finally, as explained in Mr.

1

Perrong's response to the Court's Show Cause Order regarding service (ECF No. 23), Mr. Perrong's local counsel was out of the office due to an injury at the end of July when the sole summons for Allied Marketing was sent via first class mail to his office. However, service was effectuated on October 24, 2019, one week after the Court's Order and nine days after the presumptive deadline.

Mr. Perrong's pleading provides Allied Marketing more than fair notice of the conduct he is alleging violated the TCPA. Indeed, based on Mr. Perrong's pleading, Direct Energy filed an Answer and a Crossclaim against Allied Marketing. (ECF No. 11.)

## BACKGROUND

The Plaintiff has brought this putative class action pursuant to the TCPA, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012). The Plaintiff has alleged that Direct Energy hired Allied Marketing to perform telemarketing for it and attempt to secure new customers by making pre-recorded telemarketing calls. (ECF No. 9 at ¶ 2.)

Out of every 7,000,000 robocalls, there's only one TCPA lawsuit in federal court. *Compare* Herb Weisbaum, *It's Not Just You—Americans Received 30 Billion Robocalls Last Year*, NBC News (Jan. 17, 2018), https://www.nbcnews.com/business/consumer/it-s-not-just-you-americans-received-30-billion-robocalls-n838406 (30.5 billion robocalls) *with* WebRecon, *WebRecon Stats for Dec 2017 & Year in Review* (last visited Oct. 29, 2018), https://webrecon.com/webrecon-stats-for-dec-2017-year-in-review/ (4,392 TCPA complaints). Allied Marketing refers to Mr. Perrong as a "Robocall Avenger." (ECF No. 32-1 at p. 2.) Mr. Perrong is currently a law student at Temple University and, after placing his number on the

National Do Not Call Registry, has not hesitated to sue telemarketing companies who have contacted him illegally.  In so doing, Mr. Perrong is doing exactly what Congress intended him to do when they enacted the TCPA.  The fact that Mr. Perrong has previously filed TCPA lawsuits makes him an ideal class representative.  *See Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 954 (7th Cir. 2006) ("[w]hat the district judge did not explain, though, is why 'professional' is a dirty word.  It implies experience, if not expertise.").  The fact that Mr. Perrong was an individual with the knowledge to fight back does not impact his ability to bring this claim:

> It is safe to say that, when the telemarketers in this case called a phone belonging to Cunningham, they—presumably unwittingly—found themselves in the sights not of an ordinary hapless consumer, but a seasoned plaintiff, likely primed and ready to take them to court if their actions violated the TCPA.  Nothing in the Constitution, though, requires a plaintiff to be a naïf.

*Cunningham v. Rapid Response Monitoring Servs., Inc.*, 251 F. Supp. 3d 1187, 1194-97 (M.D Tenn. Apr. 26, 2017).

Mr. Perrong does not "bait" companies into calling him.  (ECF No. 32-1 at p. 2.)[1] However, there is nothing wrong with a consumer advocate posing as an interested customer in order to enforce federal law and to discover the identity of those responsible for contacting him.  "Testers," who pose as interested individuals in order to identify other victims in the housing and employment context, "usually are praised rather than vilified."  *Murray*, 434 F.3d at 954 (citing *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982); *Arlington Heights v. Metropolitan Housing Dev. Corp.*, 429 U.S. 252 (1977).  In fact, this very court has rejected similar arguments, reasoning that a Plaintiff must pose as an interested consumer in order to know the name of the telemarketer that violated the TCPA and bring suit against it.  *Shelton v. Nat'l Gas &*

---

[1] In fact, Mr. Perrong has specifically alleged that he did not consent to the call at issue, and Allied Marketing has provided no evidence to the contrary.

3

*Elec., LLC*, No. CV 17-4063, 2019 U.S. Dist. LEXIS 59235, at *12 (E.D. Pa. Apr. 5, 2019). The Federal Trade Commission ("FTC"), which is charged with the enforcement of federal telemarketing laws, regularly has investigators pose as potential customers, and courts have endorsed that approach. *See, e.g.,* Consent Decree, *United States v. Credit Bureau Collection Servs.*, No. 2:10-cv-169, Doc. No. 3, § X (S.D. Oh. Feb. 24, 2010) (authorizing FTC to use "lawful means," including "posing as consumers and suppliers" in order to monitor and investigate compliance with federal law). TCPA plaintiffs are permitted to engage in the same conduct: "Cognizant of how damaging May's evidence is, Defendants disparage her as a "professional litigant" …. But the telemarketers' admissions are not rendered invalid just because Mey (successfully) tricked them into (truthfully) revealing that they sold products for Lifewatch." *FTC v. Lifewatch Inc.*, 176 F. Supp. 3d 757, 771 (N.D. Ill. 2016).

## **LEGAL STANDARD**

In order to state a claim upon which relief can be granted, a complaint must contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A complaint may be dismissed pursuant to Rule 12(b)(6) only where it appears that there are not "enough facts to state a claim that is plausible on its face." *Twombly*, 550 U.S. at 570. While Rule 8(a)(2) "does not require detailed factual allegations … it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal,* 556 U.S. at 678 (citation

and internal quotations omitted).  A complaint which "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" does not suffice.  *Id.* (citation omitted).

## LAW AND ARGUMENT

I. **Mr. Perrong sufficiently alleges he was called with a pre-recorded message or use of an ATDS.**

    A.    *Mr. Perrong alleges sufficient detail about the pre-recorded telemarketing call he received.*

The TCPA places prohibitions on the use of an automatic telephone dialing system ("ATDS") **or** an artificial or prerecorded voice.  47 U.S.C. § 227(b)(1)(A) (emphasis added).  Allied Marketing asserts that Mr. Perrong makes a conclusory allegation that a pre-recorded message was played during the call to him and alleges no other facts surrounding the pre-recorded message.  However, this is not the case.  Mr. Perrong alleges that the pre-recorded call was for "telemarketing" purposes, and that "a company was not identified in the pre-recorded message, so the Plaintiff responded to speak with a live individual."  (*See* ECF No. 9 at ¶¶ 2, 39.)  Mr. Perrong further alleges that he "was able to identify Direct Energy because he received a verification that it was Direct Energy calling from a third-party verification company as part of the telemarketing pitch for the call he received" after the pre-recorded message.  (*Id.* at ¶ 40.)  As such, this case is unlike *Trumper v. GE Capital Retail Bank*, 79 F. Supp. 3d 511, 513 (D.N.J. 2014), the sole case cited by Allied Marketing in support of its position.  In *Trumper*, the court held, "The Amended Complaint says nothing about the calls Trumper received, save that the caller was looking for Enid Gonzales."  Here, Mr. Perrong has explained that the telemarketing pre-recorded call did not identify the caller, that Mr. Perrong responded to the pre-recorded message, and that he was able to identify the fact that Direct Energy services were being offered by engaging the caller.  Mr. Perrong's allegations are more in line with *Battaglia*, 2019 U.S.

5

Dist. LEXIS 17782, at *6-8 n.1, which denied a substantively similar motion to dismiss while distinguishing *Trumper* by holding, "Unlike *Trumper*, where the plaintiff provided 'no factual allegations suggesting that the voice on the other end of the line was prerecorded,' Battaglia's complaint alleges that he received at least one voicemail from Quicken Loans containing a prerecorded voice." These allegations are more than sufficient to place Allied Marketing on notice of Mr. Perrong's claim.

      B.    *Mr. Perrong alleges specific details about the nature of the telemarketing call supporting the plausible inference that an ATDS was used.*

The TCPA defines an ATDS as "equipment which has the capacity — (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). The regulation at issue defines an ATDS as "equipment which has the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers." 47 C.F.R. § 64.1200(f)(2).

Absent discovery, however, it is impossible for a plaintiff such as Mr. Perrong to know the technological capacities of the predictive dialer used to place the call, and courts do not require plaintiffs to plead facts they have no way of knowing. *See generally Shelton*, 2019 U.S. Dist. LEXIS 59235, at *32-34 ("[W]e cannot require a plaintiff to make allegations regarding the technical aspects of a device, including the precise level of human intervention needed to place a call, when he or she has no way of knowing those details prior to discovery."); *Whitehead v. Ocwen Loan Servicing, LLC*, No. 2:18-cv-470-FtM-99MRM, 2018 U.S. Dist. LEXIS 182386, at *11 (M.D. Fla. Oct. 24, 2018) ("There is no way for [the plaintiff] to know the technological capabilities of the device(s) used to place the calls at issue … short of [the plaintiff] learning that information in discovery."); *Wilson v. Quest Diagnostics Inc.*, No. 2:18-11960, 2018 U.S. Dist. LEXIS 212023, at *8-11 (D.N.J. Dec. 10, 2018) ("During discovery, the parties can explore the

6

actual configuration of the dialing equipment used to call Plaintiff, as such evidence could shed light on whether Quest used a device capable of making autodialed calls"); *Battaglia,* 2019 U.S. Dist. LEXIS 17782, at *5-6 (W.D.N.Y. Feb. 4, 2019) ("Holding plaintiffs to such a standard [to detail defendants' calling technology at the pleading stage] would make callers virtually immune to TCPA claims, which is clearly not what was intended by Congress is creating the TCPA.") (citation omitted); *Johansen v. Vivant, Inc.*, No. 12 C 7159, 2012 U.S. Dist. LEXIS 178558, at *10-11 (N.D. Ill. Dec. 18, 2012) ("[I]t is unreasonable to require a plaintiff in a TCPA complaint, without the benefit of discovery, to elaborate on the specific technical details of a defendant's alleged ATDS ….").

Rather, all the plaintiff must do at the pleading stage is make indirect allegations as to the surrounding circumstances that are sufficient to raise an inference that an automatic dialer was utilized. *Scott v. 360 Mortg. Grp., LLC*, No. 17-cv-61055, 2017 U.S. Dist. LEXIS 207513, at *17 (S.D. Fla. Dec. 14, 2017). Similar to the assertion that Mr. Perrong made a mere conclusory reference to the use of a pre-recorded voice, Allied Marketing asserts that Mr. Perrong does not allege any details about the call sufficient to infer the use of an ATDS. That is not the case. He has alleged that "Allied Marketing placed a telemarketing call to Mr. Perrong's number on February 20, 2019" and that a "pre-recorded message was then played." (Doc. 9, ¶¶ 32-33.) He further alleged that "the use of a pre-recorded message is consistent with the use of an ATDS, as it would be illogical to manually call numbers only to then play a pre-recorded message." (*Id.*, ¶ 34.) Mr. Perrong proceeded to explain that the Caller ID Number for the call was (215) 725-4278 and even though Allied Marketing doesn't have an office in Pennsylvania, it used a local number, which "was used to mislead call recipients into believing the call was local, so there would be a better chance that they would answer. This is also consistent with the use of an

ATDS." (*Id.*, ¶¶ 35-38.) Mr. Perrong also alleged that the calls were promotional in nature (*id.*, ¶ 2) and that he had not consented to receive the telemarketing calls (*id.*, ¶ 3).

Allegations such as those Mr. Perrong has made here have been found sufficient to give rise to a reasonable inference that an ATDS was utilized, including under *Dominguez*. *See Shelton*, 2019 U.S. Dist. LEXIS 59235, at *32 (lack of a prior relationship between the parties and geographic distance between the parties are all allegations indicative of an ATDS and are sufficient in the Third Circuit to state a claim under *Dominguez*); *Whitehead*, 2018 U.S. Dist. LEXIS 182386, at *10-11 (finding allegations "sufficient at this stage" where the plaintiff "allege[d] Ocwen called her using an autodialer, and that [the plaintiff] knows this 'because of the vast number of calls she received and because she heard a pause when she answered her phone before a voice came on the line from [the defendant]'"); *Zeidel v. Nat'l Gas & Elec.*, No. 18 CV 06792, 2019 U.S. Dist. LEXIS 83988, at *6-9 (N.D. Ill. May 17, 2019) (generic promotional messages or hearing a pause before being connected to an operator are "facts supporting a reasonable inference that the defendant used an ATDS …."). As this case is still at the pleading stage and Mr. Perrong has no way of knowing more details right now, the Court should deny Allied Marketing's Motion to Dismiss.

The cases cited by Allied Marketing do not warrant a different result. The only allegation regarding an ATDS in *Calhoun v. Invention Submission Corp.,* No. 18-1022, 2019 U.S. Dist. LEXIS 60699, at *14 (W.D. Pa. Apr. 9, 2019) was, "Upon information and belief, Defendants use automatic telephone dialing systems and/or other prohibited means to call Class Plaintiffs' cell phones after being told to cease and desist." In *Curry v. Synchrony Bank, N.A.,* No. 1:15CV322-LG-RHW, 2015 U.S. Dist. LEXIS 153131 (S.D. Miss. Nov. 12, 2015), the only detail regarding the equipment used was the number of calls received by the plaintiff. However,

8

even there, the Court permitted the plaintiff to file an amended complaint.  *Id.* at *7.  Here, as outlined above, Mr. Perrong has pled substantially more detail.  Finally, *Richardson v. Verde Energy USA, Inc.,* No. 15-6325, 2016 U.S. Dist. LEXIS 175642, at *6 (E.D. Pa. Dec. 19, 2016) *denied* a motion to dismiss, *citing Iniguez v. The CBE Grp.*, 969 F. Supp. 2d 1241, 1247-48 (E.D. Cal. 2013) ("Plaintiff's complaint alleges both that the defendant used an automatic telephone dialing system and that the defendant's system utilized an artificial voice. … Either allegation is sufficient on its own to support the plaintiff's claims.").  Particularly relevant to the argument regarding a pre-recorded message made by Allied Marketing, *Richardson* also held:

> The defendant next claims that the focus of the amended complaint appears to be on calls allegedly made with an Automated Telephone Dialing System rather than on calls allegedly made with a pre-recorded voice.  It argues that the amended complaint only makes passing and inadequate references to the alleged use of a pre-recorded voice, and thus it should be dismissed.  This claim is meritless.  A plain reading of the relevant section of the Telephone Consumer Protection Act belies the defendant's argument.  Title 47 of the United States Code, Section 227(b)(A)(iii) provides, in pertinent part, that "It shall be unlawful for any person within the United States … to make any call … using any automatic telephone dialing system *or* an artificial *or* pre-recorded voice … to any telephone number assigned to a … cellular phone service…" (Emphasis added).  A plaintiff's allegation is sufficient if it includes calls being made with an Automated Telephone Dialing System, *or* an artificial voice, *or* a pre-recorded voice.  No reference to artificial voice or pre-recorded voice is required to state a claim.  Accordingly, I will not grant the defendant's motion to dismiss the amended complaint on this claim.

*Richardson*, 2016 U.S. Dist. LEXIS 175642, at *11-12.

**II.     Mr. Perrong sufficiently alleges the call at issue was to a service for which Mr. Perrong is charged for the call and that Mr. Perrong was in fact charged for that call.**

  A.   *Courts have overwhelmingly held that TCPA plaintiffs do not have to plead their full telephone number.*

As an initial matter, Mr. Perrong did not need to put his full telephone number in his complaint to state a claim under the TCPA. Allied Marketing cites an unpublished case from the Western District of Michigan, *Strand v. Corinthian Colleges, Inc.*, No. 1:13-CV-1235, 2014 U.S. Dist. LEXIS 52963, (W.D. Mich. Apr. 17, 2014), for this proposition; however, "other district courts considering the question have consistently rejected the position taken by … *Strand*." *Weaver v. Wells Fargo Bank N.A.*, No. 8:15-cv-1247-T-23TGW, 2015 U.S. Dist. LEXIS 104520, at *6-7 (M.D. Fla. Aug. 10, 2015). *See also Leon v. Target Corp.,* No. 3:CV-15-01, 2015 U.S. Dist. LEXIS 34490, at *6-8 (M.D. Pa. Mar. 19, 2015) ("A plaintiff's specific telephone number is not essential to providing a defendant notice of the conduct charged and the absence of a plaintiff's telephone number from the pleadings does not detract from the TCPA claim's plausibility and does not prevent a court from drawing the reasonable inference that the defendant is liable for the misconduct alleged.") (citation omitted); *Owens v. Starion Energy, Inc.*, No. 3:16-cv-01912 (VAB), 2017 U.S. Dist. LEXIS 101640, at *15-16 (D. Conn. June 30, 2017); *Williams v. Bank of Am., Nat'l Ass'n*, No. 4:14-cv-04809-RBH, 2015 U.S. Dist. LEXIS 79607, at *3-4 (D.S.C. June 19, 2015); *Ott v. Mortg. Investors Corp. of Ohio*, 65 F. Supp. 3d 1046, 1059 (D. Or. 2014) ("*Strand* is contrary to most other district courts, … [which] do not require such detail at the pleading stage in order to provide adequate notice to a … defendant…. If there is a question about the phone number at issue, it can be addressed through discovery."); *Crawford v. Target Corp.*, No. 3:14-cv-0090-B, 2014 U.S. Dist. LEXIS 159203, at *4 (N.D. Tex. Nov. 10, 2014); *Hodgin v. Parker Waichman LLP*, No. 3:14-cv-733-DJH, 2015 U.S. Dist.

LEXIS 192262, at *6 (W.D. Ky. Sept. 30, 2015) ("Though [defendant] points to a case [*Strand*] that has held this is necessary, that case received negative treatment and its reasoning is not compelling when applied to these facts."); *Evans v. Nat'l Auto Div., L.L.C.*, No. 15-8714, 2016 U.S. Dist. LEXIS 29348, at *5-6 (D.N.J. Mar. 7, 2016).

To be clear, Mr. Perrong is not "refusing" to provide his telephone number—it is simply not required at the pleading stage. And particularly given that the full telephone number was not required, it was omitted due to privacy interests. *See Castle v. Crouse*, No. 03-5252, 2004 U.S. Dist. LEXIS 9475, at *7 (E.D. Pa. May 24, 2004) (finding good cause to issue protective order as to certain personal information, including telephone number, and stating that "no one disputes the strong privacy interest at stake" with respect to that information). *See also* E.D. Pa. Local Rule 5.1.3 (requiring redaction of "personal identifiers," although not specifically mentioning telephone numbers).

B. *TCPA plaintiffs do not have to plead they were charged for the call with particularity.*

Mr. Perrong adequately alleged he was charged for the call he received from Allied Marketing. The TCPA provides, in relevant part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> (iii) to any telephone number assigned to a … cellular telephone service … or any service for which the called party is charged for the call….

11

47 U.S.C. § 227(b)(1)(A)(iii).  Mr. Perrong has stated a plausible claim that the call was to a number assigned to a service for which Mr. Perrong is charged for the call and that Mr. Perrong was charged for the call at issue.  He pled that with respect to the telephone number to which he received the call at issue here, (215) 725-XXXX, the number is one "where he is charged for the call."  (Doc. 9, ¶¶ 2, 30.)  He further alleged how he was charged, alleging he "is charged for each call placed to that number."  (*Id.*, ¶ 30.)

Allied Marketing's reliance on *Hirsch v. Fortegra Fin. Corp.*, No. 3:17-cv-1215-J-39JBT, 2018 U.S. Dist. LEXIS 219724 (M.D. Fla. June 26, 2018) is misplaced.  In that case, the plaintiff only alleged generally that he was "charged for *the ability to* receive and send calls."  *Id.* at *10 (emphasis added).  The court in *Hirsch* found the plaintiff's allegation insufficient because he alleged no facts whatsoever regarding how he was charged for the service, such as whether or not he was charged on a per call basis.  *Id.* at *10 n.6.  Mr. Perrong, in contrast, explained how he was charged, alleging that he is charged for each call placed to that number.  (Doc. 9, ¶ 30.)

Likewise, in the other case cited by Allied Marketing, *Lundstedt v. I.C. Sys.*, No. 3:15-cv-00824 (JAM), 2017 U.S. Dist. LEXIS 158563 (D. Conn. Sept. 26, 2017), the plaintiff did not allege that "any Internet-based system that he may have used at his home resulted in a charge to him for each call that he received from defendant."  *Id.* at *9.  Again, Mr. Perrong has alleged he was charged for the call that was received.  (Doc. 9, ¶ 30.)  In fact, the plaintiff in *Lundstedt*'s primary argument was not even that the "charged for the call" provision of the TCPA applied—rather the plaintiff argued that the fact that he received the calls at issue by means of a wireless internet network in his home meant that the calls should be treated as calls to a cell phone.  *Lundstedt*, 2017 U.S. Dist. LEXIS 158563, at *9-10.

Contrary to Allied Marketing's assertions, there is simply no requirement that a plaintiff has to plead they were charged for the calls at issue with particularity.  Mr. Perrong's allegations here are similar to those found to be sufficient in *Jones v. Revenue Assistance Corp.*, No. 14-10218-GAO, 2016 U.S. Dist. LEXIS 93946 (D. Mass. Apr. 13, 2016), where the court found:

> [T]he plaintiff's "amended complaint states that his subscription is 'a service for which the called party is charged for the call,' and that the calls from the defendants collectively caused him to be charged for the minutes used to take those calls.  [The defendant] has presented nothing to refute these factual allegations.  In these circumstances, [the defendant] is not entitled to the entry of judgment on the pleadings on this party of the TCPA claim.

*Id.* at *15-18.  *See also Williams*, 2015 U.S. Dist. LEXIS 79607, at *6 ("Plaintiff asserts she incurs a charge for incoming telephone calls made to her cell phone.  Thus, Plaintiff has alleged Defendant used an automated telephone dialing system to call her on her cell phone without her consent and at her expense.").  Mr. Perrong has done what is required to state a claim under the TCPA.  Allied Marketing complains that Mr. Perrong's residential number called is not "typically the type of number assigned to a service that charges the party for the call."  While Allied Marketing cites Mr. Perrong's complaint for this assertion, his complaint says no such thing.  Other than its own conclusory statement, Allied Marketing does not explain how those factual allegations are at all implausible.  To the extent Allied Marketing is interested in additional details about the charge Mr. Perrong incurred, those can easily and readily be obtained through discovery, and Mr. Perrong is prepared to provide them.

### III. Mr. Perrong served Allied Marketing nine days after the time contemplated under FRCP 4(m) but did so with good cause.

Federal Rule of Civil Procedure 4(m) requires the plaintiff effect process service within ninety days of filing a complaint.  Rule 4(m) reads in relevant part:

13

> *Time Limit for Service*. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The United States Court of Appeals for the Third Circuit has set forth a two-step inquiry for District Courts to determine whether the grant of an extension of time in which to serve is proper. *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998).  First, the court must determine whether good cause exists for the failure to effect service in a timely manner. *Id.*  If good cause exists, the court is required to grant the request. *Id.*  Where good cause is found not to be present, the court may still grant the extension of time in the exercise of its discretion. *Id.*  In evaluating whether or not good cause exists in any case, courts generally consider three factors: (1) the reasonableness of plaintiff's efforts to serve; (2) whether the defendant is prejudiced by the lack of timely service; and (3) whether the plaintiff moved for an enlargement of time to serve." *Muhammad v. Pa. Dep't of Educ.,* No. 5:18-cv-02647, 2019 U.S. Dist. LEXIS 61500, at *13 (E.D. Pa. Apr. 10, 2019).  Despite the injury to Plaintiff's local counsel, Mr. Perrong does not believe the Court need find any good cause here that would mandate an extension of time for service.  Instead, the Plaintiff believes that the Court should exercise the discretion granted it under the specific language of Rule 4(m) to allow the service effectuated nine days after the deadline to be proper.  A dismissal without prejudice would potentially require both Plaintiff and Defendant to refile pleadings and delay the substantive resolution of this matter.  Judicial efficiency would also counsel in favor of allowing the matter to proceed, as Direct Energy's crossclaim may also be litigated in this forum with Allied Marketing as a party.  Furthermore, Allied Marketing is not prejudiced by the short delay in

service and did not identify any specific prejudice in its motion. Indeed, Allied Marketing participated in the parties' Fed. R. Civ. P. 26(f) conference and prepared a timely response to the Complaint.

## CONCLUSION

For the foregoing reasons, Allied Marketing's Motion to Dismiss must be DENIED.

Respectfully submitted,

**/s/ Joseph F. Murray**
Joseph F. Murray (327025)
Brian K. Murphy (admitted *pro hac vice*)
Jonathan P. Misny (admitted *pro hac vice*)
Murray Murphy Moul + Basil LLP
1114 Dublin Road
Columbus, OH 43215
Telephone: 614.488.0400
Facsimile: 614.488.0401
E-mail: murray@mmmb.com
         murphy@mmmb.com
         misny@mmmb.com

Marc Davies (81789)
1315 Walnut Street, Suite 320
Philadelphia, PA 19107
Telephone: 215.876.7636
E-mail: marc@marcdavieslaw.com

Anthony I. Paronich (admitted *pro hac vice*)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
508.221.1510
E-mail: anthony@paronichlaw.com

## CERTIFICATE OF SERVICE

I, hereby certify that on November 27, 2019, I caused the foregoing to be filed via the Court's CM/ECF filing system, which will effect service on all counsel of record.

/s/ **Joseph F. Murray**
Joseph F. Murray