IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANDREW PERRONG, et al.,** *Plaintiffs* v. **DIRECT ENERGY, LP, et al.,** *Defendants* | Case No. 2:19-cv-02373-JDW |

**ORDER**

AND NOW, this 26th day of March, 2020, upon consideration of Plaintiff's Motion to Compel Discovery from Defendant Allied Marketing, LLC (ECF No. 44), and following a telephonic conference with counsel for the Parties, it is **ORDERED** that the Motion is **GRANTED IN PART**.

It is **FURTHER ORDERED** that, upon consideration of Defendant Direct Energy, LP's Motion to Compel And To Stay General Discovery (ECF No. 47), and following a telephonic conference with counsel for the Parties, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

It is **FURTHER ORDERED** as follows:

1. Allied shall produce redacted versions of its records of calls resulting in sales. Allied may redact from those records any personal identifying information other than telephone numbers. The redaction of this information is without prejudice, and Plaintiff may request unredacted versions of these documents if the Court certifies a class in this matter

2. Plaintiff is entitled to receive any records of calls that CallHub made with the dialing system at issue during the Direct Energy campaign in an effort to identify calls made as

part of that campaign. Plaintiff and Allied shall confer to determine what information Allied can obtain from CallHub;

3. On or before April 3, 2020, Plaintiff shall produce to Defendants all of Plaintiff's unredacted records from February 20, 2019, that show all calls to and from any mobile telephone number Plaintiff uses or controls;

4. On or before April 3, 2020, the Parties shall submit a joint letter to the Court addressing: (a) whether the Parties agree to submit the disputed recordings of Plaintiff's call with CallHub on February 20, 2019, to an independent expert to resolve the authenticity of the recordings; (b) whether the Parties have agreed on an independent expert or whether the Parties want the Court to appoint such an expert; and (c) how long the Parties believe they will need in order to complete this process.

5. To the extent Plaintiff's Motion (ECF No. 44) and Defendant's Motion (ECF No. 47) are not expressly addressed by this Order, the Motions are **DENIED**.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.