IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANDREW PERRONG, et al.**,<br><br>*Plaintiff,*<br><br>v.<br><br>**DIRECT ENERGY, LP, et al.**,<br><br>*Defendants.* | **Case No. 2:19-cv-02373-JDW** |

# ORDER

**WHEREAS**, in discovery in this matter, the Parties have identified two recordings that differ in both length and substance, which purport to be digital recordings of Andrew Perrong's telemarketing call with non-party CallHub on February 20, 2019, which forms the basis of Mr. Perrong's Amended Complaint;

**WHEREAS**, by joint letter dated April 3, 2020, all Parties agreed to submit the disputed recordings of Plaintiff's call with CallHub to an independent expert to resolve the authenticity of the recordings (ECF No. 53);

**WHEREAS**, after the Parties determined they were unable to agree on an independent expert, the Parties requested that the Court appoint an expert with experience in audio recording editing to resolve this issue;

**WHEREAS**, the Court interviewed candidates to locate an appropriate independent expert;

**WHEREAS**, the Court intends to engage Doug Lacey of Bek Tek LLC to act as the independent expert;

**WHEREAS**, Mr. Lacey's hourly rate is $295 per hour; and

**WHEREAS**, Mr. Lacey expects that his analysis and report can be completed less than 60 hours;

**AND NOW**, this 15th day of April, 2020, upon consideration of the Parties' joint letter dated April 3, 2020 (ECF No. 53), it is **ORDERED** that the Court intends to use the following protocol to resolve the question regarding the authenticity of the disputed recordings:

1. The Court will engage Bek Tek to provide Mr. Lacey's services;

2. The Parties will equally share the cost of the independent expert, meaning that Plaintiff will pay 1/3 of Bek Tek's invoices, Defendant Direct Energy, L.P. will pay 1/3 of Bek Tek's invoices, and Defendant Allied Marketing LLC will pay 1/3 of Bek Tek's invoices;

3. The independent expert will be empowered to request from the Parties any information he needs to perform his analysis regarding the authenticity of the recordings, and the parties agree to provide any requested, non-privileged information that is in their possession, custody, or control under Federal Rules of Civil Procedure 26 and 34;

4. To the extent that any party fails to provide any requested information to Bek Tek, Bek Tek may ask the Court to order the production of such information, and if the Court grants such a request, it will require the party subject to that order to pay all of Bek Tek's fees resulting from its efforts to gather than information;

5. To the extent possible based on the information provided to him, Mr. Lacey will prepare a report containing his conclusions about the authenticity of both recordings, and he will provide that report to the Court and the Parties;

6. The Court will file the report on the public docket;

7. Each Party will then have seven days to submit objections to Mr. Lacey's report, and the Court will then rule on those objections; and

3

      8.      The parties agree to accept any final conclusion in Mr. Lacey's report, as modified by the Court's ruling on any objections, as the dispositive determination of the authenticity of the recordings that Mr. Lacey considers.

      It is **FURTHER ORDERED** that the Parties will have seven days from the date of this Order to object to the protocol outlined above.

                                          **BY THE COURT:**

                                          */s/ Joshua D. Wolson*
                                          JOSHUA D. WOLSON, J.